IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| WESLEY THOMPSON,<br><br>                      Plaintiff,<br><br>v.<br><br>CHIEF EXEC. OF UTAH et al.,<br><br>                      Defendants. | **MEMORANDUM DECISION<br>& DISMISSAL ORDER**<br><br>Case No. 2:20-CV-459 RJS<br><br>Chief District Judge Robert J. Shelby |

Plaintiff, Wesley Thompson, proceeds *in forma pauperis*, 28 U.S.C.S. § 1915 (2021), in this civil-rights action brought under 42 U.S.C.S. § 1983 (2021). Having now screened the Complaint, (ECF No. 5), under its statutory review function, 28 U.S.C.S. § 1915A (2021), the Court concludes that it fails to state a claim upon which relief may be granted.

### A. Standard of Review

This Court shall dismiss claims in a complaint filed *in forma pauperis* that are frivolous, malicious, or fail to state a claim upon which relief may be granted. *See* 28 U.S.C.S. § 1915(e)(2)(B) (2021). "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an[other] opportunity to amend." *Perkins v. Kan. Dep't of Corrs.*, 165 F.3d 803, 806 (10th Cir. 1999). When reviewing a complaint's sufficiency, the Court "presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

Because Plaintiff is *pro se,* the Court construes his pleadings "liberally" and holds them "to a less stringent standard than formal pleadings drafted by lawyers." *Id.* at 1110. However, "[t]he broad reading of the plaintiff's complaint does not relieve [him] of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id.* While Plaintiff need not describe every fact in specific detail, "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Id.*

### B. Analysis

Plaintiff asserts Defendants violated his rights under the Prisoner Rape Elimination Act (PREA), 34 U.S.C.S. § 30301-30309 (2021). (ECF No. 5, at 1.) Plaintiff specifically asserts that Defendants, after being "personally alerted" by Plaintiff, have not heeded "their duty to adopt and comply with the state Department of Justice final rule for prison rape elimination." (*Id.* at 2.) He further contends that "prison policy does not comply with PREA." (*Id.*).

Plaintiff's Complaint does not state a claim upon which relief may be granted. Simply put, Plaintiff may not sue for PREA violations. PREA "authorizes the reporting of incidents of rape in prison, allocation of grants, and creation of a study commission," but nothing in PREA indicates that it devised a private right of action, to be enforced under § 1983. *Porter v. Jennings*, No. 1:10-cv-01811-AWI-DLB PC, 2012 U.S. Dist. LEXIS 58021, at *3 (E.D. Cal. Apr. 25, 2012); *see also Moreno v. Corizon Med. Provider*, No. 16-CV-01063, 2017 U.S. Dist. LEXIS 95355, at *5 (D.N.M. June 21, 2017); *De'lonta v. Clarke*, No. 7:11-cv-00483, 2013 U.S. Dist. LEXIS 5354, at *7-8 (W.D. Va. Jan. 14, 2013); *Burke v. Corr. Corp. of Am.*, No. 09-3068-SAC, 2010 U.S. Dist. LEXIS 22005, at *5 (D. Kan. Mar. 10, 2010); *Moorman v. Herrington*, No. 4:08CV-P127-M, 2009 U.S. Dist. LEXIS 58845, at *5 (W.D. Ky. 2009) (collecting

cases); *Chinnici v. Edwards*, No. 1:07-cv-229, 2008 U.S. Dist. LEXIS 61460, at *2 (D. Vt. Aug. 13, 2008). "Section 1983 imposes liability on anyone who, under color of state law, deprives a person 'of any rights privileges, or immunities secured by the Constitution and laws.'" *Blessing v. Freestone*, 520 U.S. 329, 340 (1997). "[T]o seek redress through § 1983, however, a plaintiff must assert the violation of a federal right, not merely a violation of federal law." *Id*. (emphasis in original) (citing *Golden State Transit Corp. v. Los Angeles*, 493 U.S. 103, 106 (1989)). As a matter of law, then Plaintiff may not pursue relief under § 1983 because Defendants did not comply with PREA.

## ORDER

**IT IS HEREBY ORDERED** that this action is **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted. *See* 28 U.S.C.S. § 1915(e)(2)(B) (2021).

DATED this 7th day of June, 2021.

BY THE COURT:

_____
ROBERT J. SHELBY
United States Chief District Judge